UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE DRAGOIU,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 13-14786
Honorable Denise Page Hood

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation on Plaintiff Monique Dragoiu's Motion for Summary Judgment **[Docket No. 17, filed March 30, 2014]** and Defendant Commissioner's Motion for Summary Judgment **[Docket No. 22, filed June 30, 2014]**.  Neither Plaintiff nor Defendant filed an objection to the Report and Recommendation**.**  For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety **[Docket No. 25, filed February 23, 2015]**. Plaintiff and Defendant's cross-motions for summary judgment are **GRANTED** in part and **DENIED** in part.

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984)). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Remand is appropriate under sentence four of 42 U.S.C. § 405(g) since the ALJ failed to apply the appropriate standards in denying disability benefits. The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which

2

remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*. A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

 A sentence six remand is for the Commissioner to consider new evidence which now has come to light, was not available to the claimant at the time of the administrative proceeding and that such evidence might have changed the outcome of the proceeding. *Melkonyan,* 501 U.S. at 98. In a sentence six remand, the

3

district court does not affirm, modify, or reverse the Commissioner's decision or rule on the correctness of the administrative determination. *Id*.

"[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A party's failure to file any objections waives his or her right to further appeal, *see Smith*, 829 F.2d at 1373, and relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that Plaintiff has not offered evidence to support her contention that she is disabled since her condition meets Listing 12.04 (affective disorders) or 12.06 (anxiety-related disorders). 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. The Magistrate Judge reviewed the ALJ's findings and the record thoroughly in reaching his conclusion. The Court also agrees with the

Magistrate Judge that the Commissioner could reasonably conclude that Plaintiff's treating physician, Dr. Mark Werner, provided a list of symptoms, but did not offer an opinion regarding Plaintiff's specific functional limitations. The Magistrate Judge set forth specific examples of how the ALJ's findings were supported by the record.

The Court further agrees with the Magistrate Judge that the ALJ erred by not properly evaluating any mental impairments pursuant to 20 C.F.R. §404.1250a. The ALJ failed to complete the Psychiatric Review Technique Form or, in the alternative, include a consulting physician's opinion regarding Plaintiff's medical limitations. The ALJ may not interpret raw medical data without an expert medical opinion. For these reasons, the Court agrees with the Magistrate Judge that the matter be remanded for further proceedings under sentence four.

A sentence six remand is not appropriate since there is nothing to indicate that the evidence at issue would have resulted in a different ALJ determination. Most the records submitted by Plaintiff are from the post-last date insured period and, the Easter Seals records indicate an improvement in Plaintiff's condition over the course of treatment. Plaintiff has failed to demonstrate how this evidence would have persuaded the Commissioner to reach a different conclusion. For these reasons, Plaintiff's request for a sentence six remand is denied.

5

The Court notes that the Magistrate Judge also notified the parties of their right to "seek review of this Report and Recommendation" and reminded them of the timeline in which to do so. As previously stated, neither Plaintiff nor Defendant have filed any objections to the Magistrate Judge's February 23, 2015, Report and Recommendation. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Michael J. Hluchaniuk **[Docket No. 25, filed February 23, 2015]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [**Docket No. 17, filed March 30, 2014]** is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant Commissioner's Motion for Summary Judgment **[Docket No. 22, filed June 30, 2014]** is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED** in part.

6

**IT IS FURTHER ORDERED** that this matter is **REMANDED** for further proceedings under Sentence Four.

**IT IS SO ORDERED**.

        s/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 11, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2015, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager